IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

SEP 30 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| BO KOMBOL, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY; ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; and DOES I—100,<br><br>Defendants. | CV 20-70-BLG-SPW<br><br>OPINION AND ORDER |

Before the Court is a motion to dismiss Plaintiff Bo Kombol's ("Kombol") First Amended Complaint filed by Defendant Allstate Vehicle and Property Insurance Company ("Allstate Vehicle") (Doc. 24). For the following reasons, the motion is denied in part and granted in part.

I. **Facts alleged in amended complaint**

Bo Kombol is a resident of Yellowstone County, Montana and an insured of Allstate Vehicle at all time relevant. (Doc. 19 at 2; 4). On May 21, 2016, Kombol suffered property damage during a hailstorm. Allstate Vehicle determined that

1

Kombol's insurance policy covered the loss. Kombol and Allstate Vehicle agreed on a partial scope of the loss and repair cost on December 19, 2019. (Doc. 19 at 4). Allstate Vehicle provided an actual cash value payment based on the agreed scope shortly thereafter. An actual cash value payment is equal to the replacement cost value of the damaged property minus depreciation. (Doc. 19 at 4). Allstate Vehicle's payment did not include sums for general contractor overhead and profit costs ("GCOP"). (Doc. 19 at 4).

Kombol alleges that it is Allstate Vehicle's policy and practice to refuse GCOP payments unless and until it is incurred by the insured. In other words, Allstate Vehicle systematically refuses to provide GCOP payments in the actual cash value payments. (Doc. 19 at 4). Kombol further alleges that Allstate Vehicle has never cited a policy provision or Montana law allowing the insurer to refuse payments for GCOP. Therefore, Allstate Vehicle's policy and practice of refusing to include GCOP in actual cash value payments is a breach of contract and a violation of Montana's Unfair Trade Practices Act ("UTPA"). (Doc. 19 at 4-5).

II. **Law**

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to the non-moving party. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012).

In determining a motion to dismiss, a district court may consider documents attached to the complaint and documents "whose contents are alleged in a complaint and whose authenticity no party questions." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

### III. Discussion

Allstate Vehicle argues the amended complaint should be dismissed, or the action alternatively stayed, for the following reasons: 1) Allstate Vehicle submitted a written demand for appraisal and Kombol must comply with that demand before pursuing litigation; 2) the UTPA precludes Kombol's bad faith (Count I) and declaratory relief (Count III) claims; 3) Kombol's class allegations should be dismissed or stricken for lack of a class definition in the amended complaint; and 4) all other named, non-issuing defendants should be dismissed for lack of standing.

### A. Allstate Vehicle's appraisal demand

Allstate Vehicle argues that the terms of Kombol's policy prevent him from pursuing the current litigation if a loss value disagreement arises and a party serves a written demand for an appraisal on the other party—as Allstate Vehicle served on Kombol. Specifically, the policy states, "[i]f you and we fail to agree on the amount of loss, either party may make written demand for an appraisal." (Doc. 25-1 at 39). The policy further states, "[n]o one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless . . . there has been full compliance with all policy terms." (Doc. 25-1 at 39). Allstate Vehicle filed a written demand for appraisal on July 10, 2020 (Doc. 25-2) asserting that Kombol's argument for GCOP payments represents a disagreement over the value of the loss. Therefore, the two parties must exhaust the appraisal process before pursuing litigation and this Court must either dismiss Kombol's current amended complaint as premature or stay the litigation pending the appraisal outcome.

Kombol responds that Allstate Vehicle's appraisal argument is without merit for several reasons. First, the policy language applies to situations where the parties have yet to initiate a lawsuit but says nothing about maintaining a lawsuit if the appraisal demand is submitted after the complaint, as Allstate Vehicle did in this case. Second, Kombol asserts that the loss amount is not at issue as the parties

4

agreed to a partial scope of the loss on December 19, 2019. The issue Kombol complains of involves Allstate Vehicle's policy and practice of not providing GCOP sums in their actual cash value payments. The amended complaint, according to Kombol, therefore addresses an issue not capable of resolution through appraisal. Third, Allstate Vehicle did not serve their written demand for appraisal until the same day the insurer filed their motion to dismiss, making the demand untimely and unreasonable under Montana law. Fourth, Kombol argues the motion to dismiss should be denied until the parties have had an opportunity to engage in further discovery.[1]

The Court finds Kombol's second argument most persuasive and denies Allstate Vehicle's assertion that Kombol's amended complaint should be dismissed for failure to engage in appraisal. The amended complaint states that the parties came to an agreement on a partial scope of loss on December 19, 2019 and Allstate Vehicle made payments based on this agreement. For purposes of a motion to dismiss, the Court must accept these factual allegations as true. *Ashcroft*, 556 U.S. at 678. Thus, the issue of the loss value appears to have been settled on that date, yet Allstate Vehicle refused to provide compensation for the GCOP expenses

---

[1] Kombol also argues that Allstate Vehicle cannot point to the insurance policy terms as a Court's review of a motion to dismiss is limited to the complaint. However, the Court is able to review documents when those documents are attached to or referenced in the complaint and neither party questions the document's authenticity. *Knievel*, 393 F.3d at 1076. Kombol's amended complaint references the insurance policy for definitions of actual cash value and replacement cost value. (Doc. 19 at 4). Neither party appears to question the authenticity of the policy either. Therefore, the Court may review the document under Allstate Vehicle's motion to dismiss.

incurred by Kombol allegedly due to the company's policy and practice. The Court is convinced that had the parties submitted to the appraisal process, the issue of Allstate Vehicle's GCOP payment would remain. Kombol's refusal to respond to Allstate Vehicle's written demand for appraisal, filed almost seven months after the partial scope of loss agreement, does not limit Kombol's ability to pursue litigation on the issue of Allstate Vehicle's GCOP payment policy.

### B. Kombol's bad faith and declaratory judgment claims

At the outset, Kombol stipulates to the dismissal of his declaratory judgment claim (Count III). Count III of Kombol's amended complaint is therefore dismissed.

Montana's UTPA governs all lawsuits filed against an insurer based on how the insurer handled the insured's claim. § 33-18-242(3), MCA. An insured may bring claims for breach of contract, fraud, or otherwise pursuant to the § 33-18-242, MCA. However, "[a]n insured may not bring an action for bad faith in connection with the handling of an insurance claim." § 33-18-242(3).

Allstate Vehicle argues that the UTPA requires this Court to dismiss Kombol's Count I to the extent it alleges a common law bad faith claim against the insurer. Kombol responds that the Montana Supreme Court expressly reserved the ability of a claimant to allege a breach of the implied covenant of good faith and fair dealing in *Draggin' Y Cattle Co., Inc. v. Junkermier, Clark, Campanella,*

*Stevens*, 439 P.3d 935 (Mont. 2019). Because Count I alleges only a breach of contract and a breach of the implied covenant of good faith and fair dealing, Kombol argues the claim is not precluded by the UTPA.

Kombol's citation to *Draggin' Y Cattle Co.* is persuasive. As the Montana Supreme Court explained, "[i]n addition to allowing private rights of action for violations of certain duties expressed in the UTPA, § 33-18-242(3), MCA, preserves an insured's common-law right to bring a breach of contract claim. *Every insurance contract includes a covenant of good faith and fair dealing*, which we have long recognized gives rise to a duty to accept a reasonable offer within policy coverage limits." *Draggin' Y Cattle Co.*, 439 P.3d at 942-43 (*citing Gibson v. W. Fire Ins. Co.*, 682 P.2d 725, 730 (Mont. 1984)) (emphasis added). Therefore, the UTPA does not preclude parties from pursuing claims for a breach of the implied covenant of good faith and fair dealing and Allstate Vehicle's argument to dismiss part of Kombol's Count I is denied.

### C. Kombol's class definition

Allstate Vehicle argues that Kombol's putative class allegations should be dismissed or stricken because Kombol's amended complaint fails to precisely define the putative class. The defendant cites several cases in support of dismissing a class allegation at the motion to dismiss stage including cases from the Fourth Circuit, Illinois, Ohio and California. Allstate Vehicle further points to Kombol's

decision to remove the class definition originally included in the complaint as evidence of an intentional strategy to mislead or game the Court and insurer.

Kombol responds that the amended complaint provides sufficient facts to satisfy all of Rule 23's requirements including a class definition. However, Kombol asserts that it is Ninth Circuit law for district courts to refuse to engage in a class action analysis until the plaintiff moves for class certification. It would therefore be premature for the Court to dismiss Kombol's putative class allegations on a motion to dismiss.

Kombol cites primarily to the Ninth Circuit case *Gillibeau v. Richmond*, 417 F.2d 426 (9th Cir. 1969), for the precedent that district courts should refrain from entertaining a class action analysis at the motion to dismiss stage of litigation. In *Gillibeau*, the defendants challenged the plaintiffs' second amended complaint for several reasons including that the complaint inadequately alleged a basis for a Rule 23 class action. 417 F.2d at 432. The only basis for the class allegation was a statement that the plaintiffs brought their suit pursuant to Rule 23(a)(1) on behalf of other, similarly situated individuals. *Id.* The *Gillibeau* Court determined this basis to be "wholly insufficient, since there must not only be allegations relative to the matters mentioned in Rule 23(a)(2), (3) and (4), and Rule 23(b), but, in addition, there must be a statement of basic facts. Mere repetition of the language of the Rule is inadequate." *Id.* The Ninth Circuit went on to say, "[h]owever,

compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim . . . ." *Id.*

This decision has not been overruled and is still precedent in the Ninth Circuit. Motions to dismiss are viewed with disfavor by district courts and granting such a motion is a rarity. *Steinke v. Safeco Ins. Co. of Am.*, 270 F. Supp. 2d 1196, 1197 (D. Mont. 2003) (*citing Gilligan v. Jamco Development Corporation*, 108 F.3d 246, 249 (9th Cir. 1997)). Thus, whether Kombol's class definition meets the requirements of Rule 23 is an argument best reserved as a defense to Kombol's forthcoming motion for class certification. *Hovenkotter v. Safeco Corp.*, 2009 U.S. Dist. LEXIS 129596, *26 (W.D. Wash. 2009) ("While the court questions the merits of the argument that the decision whether to arbitrate would preclude class certification . . . this is an argument most aptly raised in defense to Mr. Hovenkotter's motion for class certification.")

### D. Kombol's standing re Non-Issuing Defendants

Allstate Vehicle argues that the other named, non-issuing defendants should be dismissed for lack of Article III standing. Specifically, Kombol entered into an insurance contract with Allstate Vehicle to cover the property at issue. Kombol has no contractual relationship with any other insurer nor has Kombol alleged any direct injury at the hands of any other defendant. Allstate Vehicle further argues

that Kombol cannot rely on the juridical link doctrine to support a showing of standing at the pleading stage.

Kombol responds that at a motion to dismiss, all factual allegations in a complaint must be taken as true and Kombol alleges that all named defendants engage in the same or similar claim handling policy at issue in this case. Kombol alleges that each defendant is a co-conspirator or agent of the joint venture to wrongfully withhold GCOP from their insureds. In support of these allegations, Kombol points to Allstate Vehicle's declaration from Don Odom, filed in support of the removal notice. Mr. Odom states that he is employed by Allstate generally and goes on to describe how he calculates loss amounts using a program called Xactimate. Kombol contends this proves that all Allstate insurance companies utilize the same practice to calculate loss and engage in the same policy of withholding GCOP.

A federal court cannot consider the merits of a claim under Article III of the U.S. Constitution unless the party seeking relief establishes standing to sue the named defendants. *Hovenkotter*, 2009 U.S. Dist. LEXIS 129596, *7 (*citing Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990)). "A litigant demonstrates standing by showing that he or she has suffered an injury in fact that is fairly traceable to the challenged action and is redressable by a favorable judicial decision." *Id*. These constitutional requirements apply regardless of whether the

plaintiff seeks personal redress or a class action. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Id.*

In *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973), the Ninth Circuit created the juridical link doctrine by holding that if the plaintiffs, as a group, have suffered an identical injury by way of a concerted action or conspiracy of several related parties, the class action may proceed. However, since its inception, the doctrine has been inconsistently applied with several courts recognizing its applicability only during the adequacy and typicality analysis of a class certification, for which the doctrine was created. *Siemers v. Wells Fargo & Co.*, 2006 U.S. Dist. LEXIS 81097, * 20 (N.D. Cal. 2006); *Lindquist v. Farmers Ins. Co.*, 2008 U.S. Dist. LEXIS 11832, *35-38 (D. Ariz. 2008); *Hovenkotter*, 2009 U.S. Dist. LEXIS 129596, *12-13.

In *Lindquist*, the District Court for the District of Arizona reviewed a substantially similar argument for dismissal of non-contracting defendants from a class action allegation based on lack of standing. The named plaintiff had filed a class action complaint listing Farmers Arizona as well as Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, and Farmers Group, Inc. as defendants. *Lindquist*, 2008 U.S. Dist. LEXIS 11832, *31. The defendants argued the plaintiff could not maintain his

11

lawsuit, even a class action, against all the defendants because the plaintiff had no contractual relationship with any company other than Farmers Arizona. The district court determined that plaintiff lacked standing to sue for breach of contract without a contractual relationship despite Lindquist's allegations that the named defendants engaged in a joint venture or represented a single, related entity. *Id.*, *41. Standing, according to the *Lindquist* Court, is a threshold requirement separate from the class action analysis which must be established in every case. *Id.*, * 34 (*citing O'Shea v. Littleton*, 414 U.S. 488 (1974); *Allee v. Medrano*, 416 U.S. 802 (1979); *Simon v. Eastern Kentucy Welfare Rights Organization*, 426 U.S. 26 (1976)). Merely filing a class action lawsuit does not provide the named plaintiff with a loophole to that requirement. *Id.*

The reasoning of the *Lindquist* Court, as well as the *Hovenkotter* and *Siemers* Courts, is persuasive and applicable to the present case. Kombol is an insured of Allstate Vehicle and has a contractual relationship with that entity. Kombol alleges that Allstate Vehicle breached that contractual relationship which caused him harm. This is sufficient to establish Kombol's Article III standing to sue Allstate Vehicle for breach of contract and violations of Montana's UTPA, which Kombol has done. However, Kombol has not alleged a contractual relationship with any other defendant nor has he alleged how the non-issuing defendants have caused him direct harm. The generalized allegations of harm that Kombol has put forth against the non-

issuing defendants are not enough to satisfy Kombol's standing requirement at this stage[2]. *Hovenkotter*, 2009 U.S. Dist. LEXIS 129596, *11 ("While the court accepts as true Mr. Hovenkotter's contention that the Defendants in this case all engaged in the same conduct that caused Mr. Hovenkotter's injury, Mr. Hovenkotter does not link his injury with any action taken by either Safeco America or Safeco Corporation. The court therefore finds that Mr. Hovenkotter's asserted harm against Safeco America and Safeco Corporation is merely a statement of a "generalized grievance," and does not confer standing on Mr. Hovenkotter to sue either Safeco America or Safeco Corporation"). The Court grants Allstate Vehicle's motion to dismiss all claims against the non-issuing defendants but without prejudice should Kombol wish to amend his complaint at a later date with further evidence of injury or named plaintiffs.

## IV. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Allstate Vehicle's Motion to Dismiss (Doc. 24) is DENIED in Part and GRANTED in Part:

1. Allstate Vehicle's Motion is DENIED as to the party's argument that the insurance contract's appraisal provision precludes the present lawsuit.

---

[2] Kombol also argues that the Court should find that the Defendants have violated Fed. R. Civ. P. 7.1 by failing to file a disclosure statement identifying the parent corporations of the named entities. Given the Court's ruling on Kombol's lack of standing, this argument is moot.

2. Allstate Vehicle's Motion is GRANTED as to Count III of Kombol's Amended Complaint (Declaratory Judgment), and that claim is dismissed.

3. Allstate Vehicle's Motion is DENIED as to Counts I and II of the Amended Complaint.

4. Allstate Vehicle's Motion is DENIED as to the party's argument that Kombol's putative class action must be dismissed for lack of a precise class definition.

5. Allstate Vehicle's Motion is GRANTED without prejudice as to the party's argument that the non-issuing defendants must be dismissed for lack of standing. The caption shall be altered to reflect this change.

The Clerk of Court is ordered to dismiss all named defendants without prejudice except for ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY.

DATED this 29th day of September, 2020.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge